IRVING JAMES WAATTI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Waatti v. Commissioner
Docket No. 28397-89.
United States Tax Court
T.C. Memo 1992-339; 1992 Tax Ct. Memo LEXIS 364; 63 T.C.M. (CCH) 3136; June 15, 1992, Filed *364 Decision will be entered under Rule 155. Irving James Waatti, pro se. James F. Mauro, for respondent. CANTREL
CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 1,878 in petitioner's Federal income tax for the taxable year 1987. After concessions by respondent, the issues for decision are: (1) Whether petitioner is entitled to vehicle expenses claimed as an employee business expense for 1987, (2) whether petitioner is entitled to automobile and travel expenses claimed as part of a rental loss for 1987, (3) whether petitioner's overall rental loss for 1987 should be reduced due to personal use and because a portion of the property was not held out for rent, and (4) whether petitioner is entitled to *365 a charitable contribution deduction claimed for 1987. Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. Petitioner resided in Lake Linden, Michigan, at the time he filed his petition. Deductions are strictly a matter of legislative grace, and petitioner bears the burden of proving his entitlement to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). 1. Employee Business Expenses
Petitioner was employed at various times prior to and during 1987 as an electrician. During 1987, petitioner was employed at a Mazda plant in Flat Rock, Michigan, from January through April. Petitioner had taken the position in Flat Rock because he could not obtain work as an electrician in the vicinity of his residence in Lake Linden, Michigan. Flat Rock is approximately 623 miles from Lake Linden. After petitioner's job with Mazda terminated, he returned to Lake Linden and began to seek further employment. Since he could not obtain employment in the Lake Linden vicinity, petitioner sought work elsewhere. Petitioner's job searching efforts *366 included numerous phone calls to other areas in Michigan. In addition, petitioner also drove to other areas of Michigan in order to sign the local union book. As a union member, petitioner would receive consideration for jobs in those locales in which he had signed the monthly union book. Of the locations to which petitioner traveled in order to sign the union's monthly book, the closest was approximately 100 miles from Lake Linden. Petitioner did not maintain any sort of mileage or travel log for his trips. After his employment at the Mazda plant terminated, and for the remainder of 1987, petitioner obtained at least two temporary jobs. Petitioner submitted Forms W-2, Wage and Tax Statement, for 1987 from two employers in addition to Mazda. He worked for each of these employers for 2 weeks. Petitioner attached Form 2106, Employee Business Expenses, to his 1987 return, wherein he claimed unreimbursed employee business expenses of $ 5,685.56. Of this amount, $ 2,080.82 was attributed to vehicle expenses. Respondent denied petitioner's claimed vehicle expenses in full. Although the vehicle expenses which petitioner claims as employee business expenses may be deductible, a *367 deduction for such expenses is allowed only if the taxpayer meets the strict substantiation requirements of section 274(d). Section 274(d)(4) provides that no deduction is allowable with respect to any listed property unless certain substantiation rules are met. Listed property as defined in section 280F(d)(4)(A)(i) includes any passenger automobile. The elements required to substantiate a claimed automobile expense deduction under section 274(d), as applicable to years beginning after December 31, 1985, include the amount of each separate expenditure with respect to an item of listed property, the amount of each business use based on the appropriate measure (mileage for automobiles), date of use, and business purpose of use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To substantiate the deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, or similar records, and documentary evidence which, in combination, are sufficient to establish each element of an expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 *368 (Nov. 6, 1985). In general, to be adequate a record must be written and must be prepared or maintained in such a manner that each recording of an element of an expenditure or use that must be substantiated is made at or near the time of that expenditure or use. Sec. 1.274-5T(c)(2)(ii), Temporary Income Tax Regs., 50 Fed. Reg. 46019 (Nov. 6, 1985). Other than petitioner's unsupported testimony, there is nothing in the record which even remotely establishes any of the elements required to be proven for the cost of transportation with respect to listed property to be deductible. Petitioner testified that he did not keep any regular records of the sort required. Therefore, petitioner has failed to substantiate the vehicle expenses he claimed as an employee business expense for 1987. 2. Rental Loss
During 1987, petitioner owned an apartment building in Lake Linden with four units. Petitioner lived in one of the units for an unspecified period of time during 1987. Of the remaining three units, one was in poor condition. Petitioner described this unit as "livable", yet he noted that nobody wanted it. Petitioner did not repair the unit nor did he advertise *369 it for rent. The unit was not rented at all during 1987 and had not yet been rented as of the date of trial. While petitioner was employed at the Mazda plant in Flat Rock, he made several trips from Flat Rock to Lake Linden. Among the reasons which petitioner gave for his trips to Lake Linden from Flat Rock were fixing-up and looking after his rental property, collecting rent, and collecting his mail. Petitioner did not maintain any records documenting his trips between Flat Rock and Lake Linden. Petitioner attached Schedule E, Supplemental Income Schedule, to his 1987 return, wherein he claimed a rental loss of $ 4,883.51. Of this amount, $ 1,709.10 was attributed to auto and travel expenses. Respondent denied petitioner's claimed auto and travel expenses in full. In addition, respondent determined that petitioner's overall rental loss should be reduced because of his personal use and because one of the units was not suitable for or held out for rent. We agree with and sustain respondent's determination. Petitioner's expenses for travel between Flat Rock and Lake Linden are subject to the same requirements under section 274(d) which we discussed with respect to the employee *370 business vehicle expenses. Again petitioner has not provided us with any evidence of consequence other than his testimony. We cannot and do not allow any of these travel expenses in the absence of the required documentation. Having determined that petitioner is not entitled to include any auto and travel expenses in his rental loss, we must now decide what percentage of the remaining rental loss petitioner is entitled to. Based on a review of the record in its entirety, we conclude that petitioner is entitled to 50 percent of the remaining rental loss. We base our conclusion on petitioner's failure to demonstrate that more than two of the four units were actually held out for rent. The record indicates that one unit was set aside for the personal use of petitioner, and another was in a condition unsuitable for rent. In the absence of any proof otherwise, petitioner's rental loss is limited to 50 percent of the loss remaining after the auto and travel expenses are eliminated. Rule 142(a). 3. Charitable Contributions
Petitioner attached Schedule A, Itemized Deductions, to his 1987 return, wherein he claimed a cash contribution deduction of $ 220. Petitioner explained *371 that the $ 220 which he claimed was based upon cash which he had given to injured coworkers or which he had sent to families of departed friends. Section 170(a) provides that a deduction will be allowed for any charitable contribution, as defined in section 170(c), payment of which is made in the taxable year. Section 170(c) defines the term "charitable contribution" as a contribution or gift to or for the use of certain organizations which are specifically listed and described. Petitioner's injured coworkers and the families of his departed friends do not qualify as donees for charitable contributions pursuant to section 170(c). However kind and generous petitioner's intentions may have been, he is not entitled to a charitable contribution deduction for any of the $ 220 which he claimed. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩